IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NELSON GEOVANI MENDOZA, et al. | |
| Plaintiffs, | |
| Vs. | Case No.: 19-cv-01343 |
| UNIVERSAL BUILDING SERVICES, INC., et al. | |
| UBS. | |

## ANSWER TO COMPLAINT AND CROSS CLAIM

Defendant Universal Building Services, Inc. ("UBS") herein answers plaintiffs' complaint and submits this cross claim against Defendant Francisco Escobar.

## THE PARTIES

1. UBS admits the allegations set forth in paragraph 1.

2. UBS admits the allegations set forth in paragraph 2.

3. UBS admits the allegations set forth in paragraph 3.

4. UBS admits that Escobar is an owner of UBS. In further answer, UBS states that Escobar was involved in the operations of UBS and an officer of the company until he resigned from UBS in 2018. UBS denies the remaining allegations set forth in paragraph 4.

5. UBS admits that UBS employed plaintiffs. UBS is without knowledge or information to form a belief as to the remaining allegations set forth in paragraph 5.

6. UBS admits that UBS employed plaintiffs. UBS is without knowledge or information to form a belief as to the remaining allegations set forth in paragraph 6.

7. UBS admits that UBS employed plaintiffs. UBS is without knowledge or information to form a belief as to the remaining allegations set forth in paragraph 7.

## JURISDICTION

8. The allegations set forth in paragraph 8 are statements of the case and do not require a response. To the extent a response is required, UBS admits that plaintiffs were employed by UBS. UBS denies the remaining allegations set forth in paragraph 8.

9. The allegations set forth in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, UBS does not deny this Court's jurisdiction over UBS under the claims presented.

10. The allegations set forth in paragraph 10 are legal conclusions to which no response is required. To the extent an expense is required, UBS does not challenge that the venue is appropriate.

## STATEMENT OF FACTS

11. UBS admits that plaintiff Mendoza was employed by UBS. UBS does not answer on behalf of Defendant Escobar. UBS denies the legal conclusions set forth in this paragraph. UBS admits that plaintiff worked at the locations stated.

12. UBS admits that plaintiff Flores was employed by UBS. UBS does not answer on behalf of Defendant Escobar. UBS denies the legal conclusions set forth in this paragraph. UBS admits that plaintiff was paid from $11 - $16 per hour.

13. The allegations set forth in paragraph 13 are legal conclusions to which no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 13.

14. The allegations set forth in paragraph 14 are legal conclusions to which no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 14.

15. The allegations set forth in paragraph 15 are legal conclusions to which no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 15.

**COUNT 1**

16. UBS herein incorporates the answers to the allegations set forth above.

17. The allegations set forth in paragraph 17 are legal conclusions to which no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 17.

18. UBS denies the allegations set forth in paragraph 18 as to itself and as to Defendant Escobar.

19. The allegations set forth in paragraph 19 are legal conclusions to which no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 19.

20. The allegations set forth in paragraph 20 are legal conclusions to which no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 20.

21. The allegations set forth in paragraph 21 are legal conclusions to which no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 21.

**COUNT II**

22. UBS herein incorporates the answers to the allegations set forth above.

23. The allegations set forth in paragraph 23 are legal conclusions to which no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 23.

24. The allegations set forth in paragraph 24 are legal conclusions to which no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 24.

25. The allegations set forth in paragraph 25 are legal conclusions to which no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 25.

26. The allegations set forth in paragraph 26 are legal conclusions to which no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 26.

27. The allegations set forth in paragraph 27 are legal conclusions to which no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 27.

## COUNT III

28. UBS herein incorporates the answers to the allegations set forth above.

29. The allegations set forth in paragraph 29 do not pertain to UBS answering this complaint and as such no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 29.

30. The allegations set forth in paragraph 30 do not pertain to UBS answering this complaint and as such no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 30.

31. The allegations set forth in paragraph 31 do not pertain to UBS answering this complaint and as such no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 31.

32. The allegations set forth in paragraph 32 do not pertain to UBS answering this complaint and as such no response is required. To the extent a response is necessary, UBS denies the allegations set forth in paragraph 32.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred by the applicable statute of limitations.

2. Plaintiffs' claims against Escobar fail as Escobar was not plaintiffs' employer.

3. Plaintiffs' claims are barred by accord and satisfaction.

4. Plaintiffs' claims are barred by the existence of a settlement agreement between plaintiffs and UBS.

## CROSS COMPLAINT

1. Defendant/Third-Party Plaintiff ("UBS") herein brings this cross complaint against Defendant Francisco Escobar ("Escobar").

2. Escobar was employed as an officer for UBS tasked with the management of UBS's employees including assigning job duties, scheduling hours worked, and paying employees during the period in question in the complaint.

3. Unbeknownst to UBS, Escobar scheduled plaintiffs to work overtime hours on various jobs in the D.C. area.

4. Escobar knew plaintiffs were working overtime hours.

5. Escobar intentionally failed to calculate overtime wages for plaintiffs.

## COUNT I – NEGLIGENCE/GROSS NEGLEGENCE
## BREACH OF FIDUCIARY DUTY

6. Escobar, as an officer and manager for UBS charged with directing UBS employees, owed a duty to UBS to act in UBS's interest and to act within the requirements of the law.

7. Escobar breached that duty when Escobar knowingly and willfully scheduled plaintiffs to work overtime hours without paying plaintiffs overtime wages.

8. Escobar was aware of the requirements of the wage laws both in the D.C. Code and the Fair Labor Standards Act or was willfully indifferent as to the existence of those laws.

9. By knowingly failing to comply with those laws, Escobar breached his fiduciary duty to UBS.

WHEREFORE, UBS requests judgment against Escobar in an amount to be determined at trial up to and including indemnification from Plaintiff's claims in this action, an award of costs, and all other appropriate relief.

## COUNT II – INDEMNIFICATION

10. UBS herein incorporates paragraphs 1-9 as set forth above.

11. Escobar willfully or with willful indifference breached his fiduciary duties to UBS and subjected UBS to the claims brought by plaintiffs solely due to Escobar's actions.

12. Escobar as a UBS officer and manager solely made the decisions to schedule plaintiffs and solely made the decision to fail to pay plaintiffs overtime wages.

13. No other owner or operator of UBS was aware of Escobar's actions.

14. The actions giving rise to this litigation were made solely by Escobar without the knowledge or awareness of any other defendant in this matter.

WHEREFORE, UBS requests judgment against Escobar in an amount to be determined at trial up to and including indemnification from plaintiffs' claims in this action, an award of costs, and all other appropriate relief.

Respectfully submitted,

/s/
Ken C. Gauvey (28464)
Law Practice of Ken C Gauvey
P.O. Box 23691
Baltimore, MD 21203
410.346.2377
kgauvey@gauveylaw.com


/s/
William S. Heyman (473451)
Heyman Law Firm
201 N. Charles Street, Suite 1100
Baltimore, MD 21201
(p) (410) 762-0140
(f) (410) 762-0142
wheyman@heymanfirm.com