**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

NELSON GEOVANI MENDOZA
11813 Ashbrook Court
Germantown, Maryland 20876

ABEL ALEXANDER GUARDADO FLORES
4711 Tallahassee Ave.
Rockville, Maryland 20853                    Civil Action No.: 1:19-cv-01343-CJN

     *Plaintiffs,*

     v.

UNIVERSAL BUILDING SERVICES, INC.
200 Girard Street, Suite 207
Gaithersburg, Maryland 20877

Serve: SAMUEL ESCOBAR
     Resident Agent
     20314 Brandermill Drive
     Germantown, Maryland 20876

FRANCISCO ESCOBAR
25012 Applecross Terrace
Damascus, Maryland 20872

CLARK CONSTUCTION GROUP LLC
7500 Old Georgetown Road
Bethesda, Maryland 20814

Serve: CT Corporation System
     1015 15th Street, N.W., Suite 1000
     Washington, D.C. 20005

RAND CONSTRUCTION CORPORATION, INC.
1029 North Royal Street
Alexandria, Virginia 22314

 Serve:  CORPORATION SERVICE COMPANY
     1090 Vermont Avenue, N.W.
     Washington, D.C.  20005

JAMES G. DAVIS CONSTRUCTION
CORPORATION
12530 Parklawn Drive
Rockville, Maryland 20852

Serve: CT CORPORATION SYSTEM
       1015 15th Street N.W.
       Suite 1000
       Washington D.C. 20005

THE WHITING-TURNER
CONTRACTING COMPANY
300 East Joppa Road
Baltimore, Maryland 21286

Serve: CT CORPORATION SYSTEM
       1015 15th Street N.W.
       Suite 1000
       Washington D.C. 20005

PCC CONSTRUCTION COMPONENTS,
INC.
7600 Lindbergh Drive, Unit C
Gaithersburg, Maryland 20879

Serve: S&S Service Corporation
       1601 K Street N.W.
       Washington, D.C. 20006

GRUNLEY CONSTRUCTION CO., INC.
15020 Shady Grove Road, Suite 500
Rockville, Maryland 20850

Serve: ROYAL SERVICE CO., INC.
       1025 Connecticut Ave., N.W. Suite 712
       Washington, D.C. 20036

       *Defendants*.

## FIRST AMENDED COMPLAINT

Plaintiffs, Nelson Geovani Mendoza ("Plaintiff Mendoza") and Abel Alexander Guardado

Flores ("Plaintiff Flores"), by their undersigned counsel, Melehy & Associates LLC, hereby bring

suit against Universal Building Services, Inc. ("UBS"), Francisco Escobar ("Escobar"), Clark

2

Construction Group LLC ("Clark"), Rand Construction Corporation, Inc. ("Rand"), Grunley Construction Company, Inc. ("Grunley"), James G. Davis Construction Corporation ("Davis"), the Whiting-Turner Contracting Company ("Whiting-Turner), and PCC Construction Components, Inc. ("PCC"), for violations of the District of Columbia Wage Payment and Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPCA"), the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("the FLSA"). Plaintiffs allege as follows:

## THE PARTIES

1.    Plaintiff Mendoza is an adult resident of the State of Maryland and was employed by UBS and Escobar from approximately November 1, 2012 until June 30, 2017. During that time, Plaintiff Mendoza performed general labor functions on construction, maintenance and renovation projects, including caulking windows, installing windows, installing panels and skylights, washing concrete and other similar tasks.

2.    Plaintiff Flores is an adult resident of the State of Maryland and was employed by UBS and Escobar from approximately October 1, 2012 until approximately October 15, 2017. During that time, Plaintiff Flores performed general labor functions on construction, maintenance and renovation projects, including caulking windows, installing windows, installing panels and skylights, washing concrete and other similar duties.

3.    UBS is incorporated in the State of Maryland and does business in the District of Columbia. At all times relevant to the Complaint, UBS was a subcontractor which performed work in the District of Columbia, Maryland and Virginia. UBS employed the Plaintiffs within the meaning of the DCMWRA and the DCWPCA because it treated them as employees, paid their wages, supervised them, determined their pay, hired them and had the authority to terminate their

employment. UBS meets the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

4.      Escobar is an Officer, Director, and owner of UBS. He is an employer of Plaintiffs within the meaning of the DCMWRA and the DCWPCA because: (1) he is an owner and an officer of UBS (2) he has operational control over UBS and is significantly involved in the operations; (3) he controlled the terms and conditions of Plaintiffs' employment, including their work schedules, compensation and pay practices, and did in fact set the terms and conditions of Plaintiffs' employment and supervised them; and (4) he has the ability to hire and fire Plaintiffs. In addition, he was responsible for the unlawful pay practices.

5.      Clark is a limited liability construction company organized under the laws of the State of Maryland. It is registered as a limited liability company in the District of Columbia and does business in the District of Columbia. Clark was the general contractor for the construction of the Museum of the Bible in the District of Columbia (for which Plaintiffs performed work in or around 2016 and 2017), 1120 23rd Street, Trinity Academic Center, and any other construction projects located in the District of Columbia. UBS was a lower-tiered subcontractor on the same contracts and employed Plaintiffs to perform work on the projects. As the general contractor on the projects, Clark is vicariously liable for the violations of the DCMWRA and the DCWPCA committed by UBS and Escobar on the foregoing projects, with respect to Plaintiffs, pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26,

2015) and 32-1303(5) (also effective February 26, 2015).

6.      Rand is a corporation organized under the laws of the State of Virginia. It is registered in the District of Columbia as a foreign corporation and does business in the District of Columbia. Rand was the general contractor for the renovation and maintenance work that took place at Union Station in 2015 and any other projects in the District of Columbia. UBS was a lower-tiered subcontractor on that project and employed Plaintiffs to perform work on it. The work included window caulking, window replacement and cleaning and was performed by Plaintiffs between February 26, 2015 and September, 2015. As the general contractor for that project, Rand is vicariously liable for any violations of the DCMWRA and the DCWPCA committed by UBS and Escobar on the Union Station project with respect to Plaintiffs, pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015).

7.      Grunley is a construction company organized under the laws of the State of Maryland. It is registered as a foreign corporation in the District of Columbia and does business in the District of Columbia. Grunley was the general contractor for the renovation of the American Enterprise Institute (for which Plaintiffs performed work in or around 2016 and 2017), 1330 Connecticut Avenue, N.W. and on any other jobs located in the District of Columbia. UBS was a lower-tiered subcontractor on the same contracts and employed Plaintiffs to perform work on the projects. As the general contractor, Grunley is vicariously liable for any violations of the DCMWRA and the DCWPCA committed by UBS and Escobar on the American Enterprise Institute project, 1330 Connecticut Avenue N.W., and any other jobs located in the District of Columbia, with respect to Plaintiffs, pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26,

2015).

8.      Davis is a construction company organized under the laws of the Commonwealth of Virginia. It is registered as a foreign corporation in the District of Columbia and maintains its principal place of business in Maryland. Davis was the general contractor on the following jobs that Plaintiffs worked on in the District of Columbia: George Washington University Law Clinic, REI, 2300 N Street and any other jobs located in the District of Columbia. UBS was a lower-tiered subcontractor on these contracts and employed Plaintiffs to perform work on the projects. As a general contractor, Davis is vicariously liable for any violations of the DCMWRA and the DCWPCA committed by UBS and Escobar on the projects listed above (and any other projects) with respect to Plaintiffs, pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303 (5) (also effective February 26, 2015).

9.      Whiting-Turner is a construction company organized under the laws of the State of Maryland. It is registered as a foreign corporation in the District of Columbia and maintains its principal place of business in Maryland. Whiting-Turner was the general contractor on the jobs that Plaintiffs worked on in the District of Columbia: 4340 Nebraska Avenue, Little Sisters of the Poor (JJ Residence), Museum Conservation Center, The Field School, and any other jobs located in the District of Columbia. UBS was a lower-tiered subcontractor on these contracts and employed Plaintiffs to perform work on the projects. As a general contractor, Whiting-Turner is vicariously liable for any violations of the DCMWRA and the DCWPCA committed by UBS and Escobar on the projects listed above (or any other projects) with respect to Plaintiffs, pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303 (5) (also effective February 26, 2015).

10.     PCC is a corporation organized under the laws of the State of Maryland. It is

registered in the District of Columbia as a foreign corporation and does business in the District of Columbia. PCC was the general or intermediate level contractor for the following projects: 650 Massachusetts Avenue, 880 P Street, American University, and other projects in the District of Columbia. UBS was a lower-tiered subcontractor on these projects and employed Plaintiffs to perform work on the them. The work included window caulking, window replacement and cleaning. As the general or intermediate level contractor for these projects, PCC is vicariously liable for any violations of the DCMWRA and the DCWPCA committed by UBS and Escobar with respect to Plaintiffs, pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015) and/or D.C. Code §§ 32-1012 (c) (effective on April 7, 2017 as to intermediate-level contractors) and 32-1303 (5) (effective on April 7, 2017 as to intermediate-level contractors).

## JURISDICTION

11.    Plaintiffs are asserting causes of action which arise under the DCMWRA and the DCWPCA from February 26, 2015 to the end of their employment with UBS and Escobar (June 30, 2017 for Plaintiff Mendoza and October 15, 2017 for Plaintiff Flores). Plaintiffs also have claims under the FLSA for unpaid overtime wages from February 19, 2016 to the end of their employment with UBS and Escobar.

12.    The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiffs claims involve federal questions and the Court has pendant jurisdiction over the Plaintiffs' District of Columbia claims under 28 U.S.C. § 1367.

13.    This Court has *in personam* jurisdiction over Defendants because all of them conduct business in the District of Columbia.

## STATEMENT OF FACTS

14.     During his employment with UBS and Escobar, Plaintiff Mendoza's regular hourly rate of pay ranged from $11.00 to $16.00. Also, during the time he was employed by UBS and Escobar, Plaintiff Mendoza spent at least two thirds of his working time at sites in the District of Columbia, including but not limited to time working at Georgetown University, the City Center Development Project, Union Station, the Museum of the Bible, the American Enterprise Institute, office buildings located at 400 K Street, N.W., Washington, D.C., 440 K Street, N.W. Washington, D.C. and 880 P Street, N.W. Washington D.C. and other sites within the District of Columbia which are reflected in the records kept by UBS and Escobar. Plaintiff Mendoza also spent some of his working time at sites in Maryland and Virginia, but most of his time was spent in the District of Columbia. He often worked over 40 hours per week, as is reflected in the USB and Escobar's time and payroll records. However, UBS and Escobar did not pay him an overtime premium for any of his overtime hours (the hours over 40 that he worked in a workweek) as required by the DCMWRA and in multiple weeks during the statutory period, failed to pay him anything at all for some of his hours worked (including straight-time hours and overtime hours) as required by the DCWPCA. Also, for his entire employment with UBS and Escobar and from February 26, 2015 to the end of his employment with UBS and Escobar, Plaintiff Mendoza was employed within the District of Columbia within the meaning of D.C. Code § 32-1003 (b), because during those time-frames, he regularly spent more than 50% of his working time in the District of Columbia.

15.     During his employment with UBS and Escobar, Plaintiff Flores's hourly pay ranged from $11.00 to $16.00. Also, during the time he was employed by UBS and Escobar, Plaintiff Mendoza spent at least two thirds of his working time in the District of Columbia, including but not limited to time working at Georgetown University, the City Center Development Project,

Union Station, the Museum of the Bible, the American Enterprise Institute and many other sites within the District of Columbia which are reflected in the records kept by UBS and Escobar. Plaintiff Flores also spent some of his work time in sites in Maryland and Virginia, but most of his work time was spent in the District of Columbia. He often worked over 40 hours per week, as is reflected in the USB and Escobar's time and payroll records. However, UBS and Escobar did not pay him an overtime premium for any of his overtime hours (the hours over 40 that he worked in a workweek), as required by the DCMWRA and in multiple weeks during the statutory period, failed to pay him anything at all for some of his hours of work (including straight-time hours and overtime hours) as required by the DCWPCA. Also, at all times during his employment with UBS and Escobar and from February 26, 2015 to the end of his employment with UBS and Escobar, Plaintiff Flores was employed within the District of Columbia within the meaning of D.C. Code § 32-1003 (b) because during those time frames, he regularly spent more than 50% of his working time in the District of Columbia.

16.     The applicable statute of limitations under the DCWPCA and the DCMWRA (which went into effect on February 26, 2015), provides that an action, "must be commenced within 3 years after the cause of action accrued, or the last occurrence if the violation is continuous. . . ." D.C. Code § 32-1308 (c)(1). On a continuing and ongoing basis from the beginning to the end of Plaintiffs' employment with UBS and Escobar, they failed to pay the Plaintiffs an overtime premium for their overtime hours in violation of the DCMWRA and failed to pay them anything at all for some of their hours of work (including straight and overtime hours) in violation of the DCWPCA. Given that Plaintiff Mendoza's employment ended on or about June 30, 2017, the last violation occurred on that date and the limitations period for his wage claims will elapse on June 30, 2020. Given that Plaintiff Flores' employment ended on or about October 15, 2017, the last

violation occurred on that date and the limitations period for Plaintiff Flores's wage claims under the DCWPCA and DCMWRA will elapse on October 15, 2020. Therefore, Plaintiffs have asserted timely claims for violations of the DCWPCA and the DCMWRA for following period: February 26, 2015 to the end of their employment with USB and Escobar.

17.    Plaintiffs have also asserted timely wage claims under the DCMWRA from February 26, 2015 to the end of their employment with UBS and Escobar for another reason: the statute of limitations for their claims under the DCMWRA was tolled beginning May 27, 2015 and for each day thereafter, when, on a continuing basis, UBS and Escobar, failed to comply with the notice provisions of D.C. Code § 32-1008 (c) and (d) (which became effective on February 26, 2015). Section 32-1008 (c) and (d) required UBS and Escobar, to provide written notice to Plaintiffs of, *inter alia*, their overtime rate of pay. UBS and Escobar were required to comply with this written notice provision within 90 days after the statutory amendments took place – no later than May 27, 2015 and within 30 days of any change in that rate. *See* D.C. Code § 32-1008 (d)(1)(A). At no time during Plaintiffs' employment with UBS or Escobar did they comply with the notice provisions by providing Plaintiffs with written notice of any type (not even in their paystubs), indicating the rate of their overtime pay. Since UBS and Escobar failed to provide the required written notice to Plaintiffs, the statute of limitations in § 32-1308 (c) was tolled on May 27, 2015. This also means that Plaintiffs have timely unpaid wage claims for following time frame: February 26, 2015 to the end of Plaintiffs' employment. *See* D.C. Code § 32-1008 (d)(3) ("The period prescribed in § 32-1308 (c), shall not begin until the employee is provided all itemized statements and written notice required by this section").

18.    Thus, for the period of February 26, 2015 to the end of their employment with UBS and Escobar, Plaintiffs are entitled to their unpaid overtime wages and straight-time wages plus an

equivalent amount equal to three times their unpaid overtime wages as liquidated damages pursuant to D.C. Code §§ 32-1012 (b)(1) and 32-1331.09 (a)(1), along with attorney's fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

19.    On September 6, 2019, Defendants Francisco Escobar ("Escobar") and Universal Building Services, Inc. ("Universal") made an offer to judgment under Rule 68, ECF No. 23-1 at 1, in full satisfaction of the wages and liquidated damages sought by Plaintiffs in the Complaint pursuant to the District of Columbia Wage Payment and Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPCA"), the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("the FLSA"). The amount of the Offer for wages and liquidated damages was $9,702.64 for Plaintiff Guardado and $56,426.08 for Plaintiff Mendoza (a collective sum of $63,703.06), a sum representing interest as determined by the Court and reasonable attorney's fees and costs, "as determined by the Court." ECF No. 23 at 1-2. On September 10, 2019, Plaintiffs served Escobar and UBS with an unequivocal acceptance of the offer. ECF No. 23-2. And, that same day, Plaintiffs filed a request for entry of judgment against Escobar and UBS. ECF No. 23.

## COUNT I
## VIOLATIONS OF THE FLSA
### (Only Defendants UBS and Escobar)

20.    Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

21.     Plaintiffs were engaged in commerce and/or handled goods that have been moved in commerce, and alternatively, UBS was an enterprise engaged in commerce, from February 19, 2016 to the end of Plaintiffs' employment with USB and Escobar.

22.     UBS and Escobar violated the FLSA by knowingly failing to pay Plaintiffs an overtime premium for their overtime hours – *i.e.* one and one-half times their regular hourly rate for each hour over 40 that they worked during each workweek from February 19, 2016 to the end of their employment with UBS and Escobar.

23.     UBS and Escobar's actions were willful as defined by the FLSA and were not undertaken in good faith and therefore, they are liable to both Plaintiffs for liquidated damages and the statute of limitations is extended to three years.

24.     UBS and Escobar are liable to Plaintiffs under 29 U.S.C. § 216(b) of the FLSA, for their unpaid overtime premium compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses.

25.     The precise amount owed to the Plaintiffs by UBS and Escobar cannot be calculated because Plaintiffs and their counsel do not possess all of their payroll records or all of their time records, which are in possession of UBS and Escobar.

**COUNT II**
**VIOLATIONS OF THE DCMWRA**
**(Only Defendants UBS and Escobar)**

26.     Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

27.     At all times relevant to the Complaint, Plaintiffs were "employees" of UBS and Escobar within the meaning of D.C. Code § 32-1002 (2).

28.     At all times relevant to the Complaint, UBS and Escobar were "employers" of

Plaintiffs within the meaning of D.C. Code § 32-1002 (3).

29.     UBS and Escobar violated the DCMWRA by failing to pay Plaintiffs an overtime premium for the overtime hours they worked from February 26, 2015 to the end of their employment with UBS and Escobar (June 30, 2017 in the case of Plaintiff Mendoza and October 15, 2017 in the case of Plaintiff Flores).

30.     As a result of the violations of the DCMWRA by UBS and Escobar, they are liable for Plaintiffs' unpaid wages from February 26, 2015 to the end of their employment, liquidated damages equal to three times the unpaid overtime wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

31.     The precise amount owed to the Plaintiffs by UBS and Escobar cannot be calculated because Plaintiffs and their counsel do not possess all of their payroll records or all of their time records, which are in possession of UBS and Escobar.

## COUNT III
### VIOLATIONS OF THE DCWPCA
### (Only Defendants UBS and Escobar)

32.     Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

33.     At all times relevant to the Complaint, Plaintiffs were "employees" of UBS and Escobar within the meaning of D.C. Code § 32-1301 (2).

34.     At all times relevant to the Complaint, UBS and Escobar were "employers" of Plaintiffs within the meaning of D.C. Code § 32-1301 (1B).

35.     UBS and Escobar violated the DCWPCA by failing to pay Plaintiffs anything at all for some of their hours of work (including straight-time hours and overtime hours) from February 26, 2015 to the end of their employment with UBS and Escobar (June 30, 2017 in the case of Plaintiff Mendoza and October 15, 2017 in the case of Plaintiff Flores).

36.     As a result of the violations of the DCWPCA by UBS and Escobar, they are liable for Plaintiffs' unpaid wages from February 26, 2015 to the end of their employment, liquidated damages equal to three times the unpaid overtime and straight-time wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

37.     The precise amount owed to the Plaintiffs by UBS and Escobar cannot be calculated because Plaintiffs and their counsel do not possess all of their payroll records or all of their time records, which are in possession of UBS and Escobar.

## COUNT IV
## VICARIOUS LIABILITY FOR VIOLATIONS OF THE DCMWRA AND THE DCWPCA
### (Only Defendants Clark, Rand, Davis, Whiting-Turner, PCC and Grunley)

38.     Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

39.     At all times relevant to this Complaint, Clark was the general contractor on the (1) Museum of the Bible construction project, (2) 1120 23rd Street, (3) Trinity Academic Center, and other jobs located within the District of Columbia, where UBS, a subcontractor on the project, employed Plaintiffs to perform work in 2015 and/or 2016 and/or 2017. Clark is therefore vicariously liable, jointly and severally, for the violations of the DCMWRA and DCWPCA committed by UBS and Escobar in 2015 and/or 2016 and/or 2017, as to the above-referenced

construction projects (as well as any other projects not yet identified), pursuant to D.C. Code §§ 32-1012 (c) and 32-1303 (5).

40.     At all times relevant to this Complaint, Rand was the general contractor on the maintenance/renovation project at Union Station which took place in or around 2014 and/or 2015. UBS, a subcontractor on the project, hired Plaintiffs to perform work on the project and Plaintiffs performed the work in 2015. Because UBS employed Plaintiffs to perform work on that project, Rand is vicariously liable, jointly and severally, for the violations of the DCMWRA and DCWPCA committed by UBS and Escobar as to the Union Station project (as well as any other projects not yet identified) pursuant to D.C. Code §§ 32-1012 (c) and 32-1303 (5).

41.     At all times relevant to this Complaint, Grunley was the general contractor for (1) the construction/renovation project for the new headquarters of the American Enterprise Institute; (2) for 1330 Connecticut Avenue, N.W., and any other job located within the District of Columbia. UBS was a subcontractor on those projects and it along with Escobar, employed Plaintiffs, to perform work on the projects and Plaintiffs performed the work in 2015 and/or 2016 and/or 2017, pursuant to a subcontract. As the General Contractor for these contracts, Grunley is vicariously liable, jointly and severally, for the violations of the DCMWRA and DCWPCA committed by UBS and Escobar in 2015 and/or 2016 and/or 2017, as to the American Enterprise Institute project, 1330 Connecticut Avenue, N.W. (and any other projects not yet identified) pursuant to D.C. Code §§ 32-1012 (c) and 32-1303 (5).

42.     At all relevant times to this Complaint, Davis was the general contractor for construction/renovation projects on the following jobs: George Washington University Law Clinic, REI, 2300 N Street, and other jobs located within the District of Columbia. UBS was a subcontractor on these projects and it, along with Escobar, employed Plaintiffs to perform work

on the projects and Plaintiffs performed the work in 2015 and/or 2016 and/or 2017, pursuant to a subcontract. As the General Contractor for these contracts, Davis is vicariously liable, jointly and severally, for the violations of the DCMWRA and the DCWPCA, committed by UBS and Escobar in 2015 and/or 2016 and/or 2017, on the aforementioned projects (and any other contracts not yet identified), pursuant to D.C. Code §§ 32-1012 (c) and 32-1303(5).

43.     At all relevant times to this Complaint, Whiting-Turner was the general contractor for construction/renovation projects on the following jobs: 4340 Nebraska Avenue, Little Sisters of the Poor (JJ Residence), Museum Conservation Center, The Field School, and any other jobs located in the District of Columbia. UBS was a subcontractor on these projects and it, along with Escobar, employed Plaintiffs to perform work on the projects and Plaintiffs performed the work in 2015 and/or 2016 and/or 2017, pursuant to a subcontract. As the General Contractor for these contracts, Whiting-Turner is vicariously liable, jointly and severally, for the violations of the DCMWRA and the DCWPCA, committed by UBS and Escobar in 2015 and/or 2016 and/or 2017, on the aforementioned projects (and any other projects not yet identified), pursuant to D.C. Code §§ 32-1012 (c) and 32-1303(5).At all relevant times to this Complaint, PCC was the general or intermediate level contractor for construction/renovation projects on the following jobs: 650 Massachusetts Avenue, 880 P Street, American University, and other projects in the District of Columbia. UBS was a subcontractor on these projects and it, along with Escobar, employed Plaintiffs to perform work on the projects and Plaintiffs performed the work in 2015 and/or 2016 and/or 2017, pursuant to a subcontract. As the General (or intermediate-level) Contractor for these contracts, PCC is vicariously liable, jointly and severally, for the violations of the DCMWRA and the DCWPCA, committed by UBS and Escobar in 2015 and/or 2016 and/or 2017, on the aforementioned projects (and any other projects not yet identified), pursuant to D.C. Code §§ 32-

1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015) and/or D.C. Code §§ 32-1012 (c) (effective on April 7, 2017 as to intermediate-level contractors) and 32-1303 (5) (effective on April 7, 2017 as to intermediate-level contractors).

44.    As a result of the wage violations of UBS and Escobar for which Clark, Rand Grunley, Davis, PCC and Whiting-Turner are jointly and severally liable, Plaintiffs are entitled to their unpaid wages, liquidated damages equal to three times the amount of the unpaid wages and attorney's fees and cost, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

45.    The precise amount owed to the Plaintiffs by Clark, Rand, Grunley, Davis, PCC and Whiting-Turner cannot be calculated because Plaintiffs and their counsel do not possess all of their payroll records or all of their time records, which are in possession of UBS and Escobar.

## RELIEF REQUESTED

Plaintiffs request the following relief:

A.    enter a judgment against UBS and Escobar, jointly and severally, and in favor of Plaintiffs, based on their violations of the FLSA, in the amount of each Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to their unpaid overtime wages as liquidated damages, for violations occurring between February 19, 2016 and the end of Plaintiffs' employment with UBS and Escobar;

B.    enter a judgment against UBS and Escobar, jointly and severally, and in favor of Plaintiffs, based on their violations of the DCMWRA and the DCWPCA, in the

amount of each Plaintiff's unpaid and illegally withheld overtime and straight-time wages, plus an amount equal to three times the amount of unpaid overtime wages as liquidated damages, for violations occurring between February 26, 2015 and the end of Plaintiffs' employment with UBS and Escobar;

C.      enter a judgment against Clark and in favor of Plaintiffs, based on UBS and Escobar's violations of the DCMWRA and the DCWPCA while the Plaintiffs performed work on the Museum of the Bible project, and the other projects listed above or subsequently identified by Plaintiffs in the course of discovery, in the amount of each Plaintiff's unpaid and illegally withheld overtime and straight-time wages during that time frame and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

D.      enter a judgment against Rand and in favor of Plaintiffs, based on UBS and Escobar's violations of the DCMWRA and the DCWPCA while the Plaintiffs performed work on the Union Station project (or any projects later identified by Plaintiffs), in the amount of each Plaintiff's unpaid and illegally withheld overtime and straight-time wages during that time frame and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

E.      enter a judgment against Grunley and in favor of Plaintiffs, based on UBS and Escobar's violations of the DCMWRA and the DCWPCA for Plaintiffs' work on the American Enterprise Institute project, as well as any projects identified above or later discovered by Plaintiffs in the course of discovery, in the amount of each Plaintiff's unpaid and illegally withheld overtime and straight-time wages during that time frame and an equivalent amount equal to three times the unpaid overtime

wages as liquidated damages;

F.      enter a judgment against Davis and in favor of Plaintiffs, based on UBS and Escobar's violations of the DCMWRA and the DCWPCA for Plaintiffs' work on the George Washington University Law Clinic, REI, 2300 N Street, as well as any projects later discovered by Plaintiffs in the course of discovery, in the amount of each Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

G.      enter a judgment against Whiting-Turner and in favor of Plaintiffs, based on UBS and Escobar's violations of the DCMWRA and the DCWPCA for Plaintiffs' work at 4340 Nebraska Avenue, Little Sisters of the Poor (JJ Residence), Museum Conservation Center, The Field School, as well as any projects later discovered by Plaintiffs in the course of discovery, in the amount of each Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

H.      enter a judgment against PCC and in favor of Plaintiffs, based on UBS and Escobar's violations of the DCMWRA and the DCWPCA for Plaintiffs' work at 650 Massachusetts Avenue, 880 P Street, American University, as well as any projects later discovered by Plaintiffs in the course of discovery, in the amount of each Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

I.      as to all Defendants, jointly and severally, award Plaintiffs their costs incurred in

this action and attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services

Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809

F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,

_____/s/_____
Omar Vincent Melehy, Esq.
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Phone:  (301) 587-6364
Fax:    (301) 587-6308
*Attorney for Plaintiffs*

20